IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mellisa Richardson, ) | Civil Action No.: 5:13-1846-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Carolyn W. Colvin, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The plaintiff, Mellisa Richardson ("the plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling. On January 22, 2015, the magistrate judge issued a Report and Recommendation in which she could not determine that the Commissioner's decision was based on substantial evidence. Accordingly, the magistrate judge recommended reversing and remanding the Commissioner's decision for further administrative action. (ECF No. 28.) The Commissioner filed Objections on February 9, 2015 (ECF No. 30), and on February 25, 2015, the plaintiff filed a Reply (ECF No. 32). For the reasons stated below, the Court adopts the Report and Recommendation and reverses and remands the Commissioner's decision for further administrative action.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. The plaintiff was 37 years old on the date of her alleged disability onset date of June 30, 2007, has completed high school, and her past relevant work includes retail assistant manager and cashier. (R. at 296, 301, 305.) The plaintiff's application was denied initially and on reconsideration. (R. at 211-12, 213-14.) A hearing was held before an ALJ who issued an unfavorable decision dated December 8, 2011, finding that the plaintiff was not disabled within the meaning of the Act. (R. at 96-107.) The Appeals Council denied the plaintiff's request for review (R. at 1-4), making the ALJ's decision the final decision of the Commissioner. The plaintiff subsequently filed an action in this Court on July 5, 2013 (ECF No. 1).

**REPORT AND RECOMMENDATION**

The magistrate judge recommends reversing and remanding the ALJ's decision. (ECF No. 28 at 31.) The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the

magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968).

Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Id.* at 279.  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational."  *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The defendant filed objections to the Report and Recommendation ("Objections") on February 9, 2015 (ECF No. 30), and the plaintiff filed a reply on February 25, 2015 (ECF No. 32).  The defendant objects in various ways to the magistrate judge's recommendation that the ALJ did not perform a proper Listing analysis at Step Three of the Sequential Evaluation Process.

This is an admittedly overcautious outcome recommended by the magistrate judge but the right one.  The ALJ has confused the record either for failing to actually consider Listing 3.03 or for misidentifying it.  (R. at 103.)  The plaintiff has offered some colorable quantum of evidence in satisfaction. (ECF No. 28 at 28; R. at 384-89, 454-55, 457-62, 471-76, 479-489); *see Fender v. Commissioner of Social Security*, 2013 WL 422508 at *7 (S.D. OH. Feb. 4, 2013).  And, the magistrate judge reasonably concluded that the consideration of the plaintiff's doctor's visit was not clear.  (See R. at 103.)  The ALJ is not required to mention every visit;  she is required to explain sufficiently to permit review.

The defendant has posed reasonable challenges to the caliber of such evidence and the unlikelihood of success on remand. But, the undersigned would decline to make the qualitative call, against the applicable standard of review, and, instead, would give the administrative process opportunity to make a more clean record for review. The benefits awards potentially owing to the plaintiff are always serious. The Court would take every precaution, based on the circumstances here.

## **CONCLUSION**

The Court has carefully reviewed the record, including the findings of the ALJ, the Commissioner's objections to the Report and Recommendation, and the plaintiff's reply. The Court concurs in the recommendation of the magistrate judge and thus adopts the Report and Recommendation and incorporates it herein by reference to the extent it is consistent with this order. The decision of the Commissioner to deny benefits is, therefore, REVERSED and REMANDED for additional consideration consistent with this Order.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

March 13, 2015
Greenville, South Carolina