UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mellisa Richardson, ) | C/A No. 5:13-1846-BHH-KDW | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | ORDER | |
| ) | | |
| Carolyn W. Colvin, Acting Commissioner ) | | |
| of Social Security Administration, ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |

This matter comes before the court on Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 ("Motion").[1] ECF 37. Plaintiff documents 19.75 hours of work on this matter, for which she seeks an award of $6,155.78. ECF No. 37-2. The Commissioner opposes the request, arguing her position in this matter was substantially justified. ECF No. 38. Having considered the parties' principal briefs, as well as Plaintiff's reply, ECF No. 39, the court *denies* Plaintiff's Motion.

I.    Background

Plaintiff applied for social security disability benefits in December 2008, alleging she became disabled on June 30, 2007, when she had quit working because of bronchitis, asthma, and chronic obstructive pulmonary disease ("COPD"). Her applications were denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on December 1, 2011. In a decision dated December 8, 2011, the ALJ found Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council

---

[1] Pursuant to 28 U.S.C. § 636 and the court's Standing Order, 3:12-mc-386-MBS, the Motion was referred to the undersigned for entry of an order disposing of the Motion. ECF No. 43.

denied Plaintiff's request for review on May 6, 2013, making the ALJ's decision the final decision for purposes of judicial review.

Plaintiff then brought an action seeking judicial review of the Commissioner's decision, alleging the Commissioner's decision was not supported by substantial evidence. The court reversed the Commissioner's denial of benefits and remanded the matter to the Commissioner for further consideration.

II.     Standard of Review: Substantial Justification

The EAJA provides that a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the Commissioner's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).[2] Because this court remanded to the ALJ pursuant to 42 U.S.C. § 405(g), Plaintiff is considered the "prevailing party" under the EAJA. *See Shalala v. Schaefer,* 509 U.S. 292, 302 (1993) (finding a plaintiff's whose claim is remanded pursuant to sentence four of Social Security Act is a "prevailing party" under the EAJA).

This Motion turns on whether the Commissioner's position was "substantially justified." As the Court of Appeals for the Fourth Circuit recently stated:

> The [EAJA] does not define the term "substantially justified." The Supreme Court has recognized, however, that the substantial-justification test is one of "reasonableness in law and fact." *Pierce v. Underwood,* 487 U.S. 552, 564-65 (1988). That is, "[t]he Government's position is substantially justified if it is . . . . 'justified to a degree that could satisfy a reasonable person.'" *Cody v. Caterisano,* 631 F.3d 136, 141 (4th Cir. 2011) (quoting *Pierce,* 487 U.S. at 565). Of course, the Government need not prevail in an action for its position to have been substantially justified. Rather, the Government will avoid paying fees as long as "a reasonable person could [have thought]" that its litigation position was "correct." *Pierce,* 487 U.S. at 566 n.2.
>
> "[In] determining whether the [G]overnment's position in a case is substantially justified, we look beyond the issue on which the petitioner prevailed to determine, from the totality of the circumstances, whether the [G]overnment

---

[2] The Commissioner does not dispute that Plaintiff satisfies other requisites of 28 U.S.C. § 2412.

>  acted reasonably in causing the litigation or in taking a [particular] stance during the litigation." *Roanoke River Basin Ass'n v. Hudson,* 991 F.2d 132, 139 (4th Cir. 1993).

*Meyer v. Colvin*, 754 F.3d 251, 255 (4th Cir. 2014). The Commissioner has the burden of proving that its position was substantially justified. *Id.* (citing *Crawford v. Sullivan,* 935 F.2d 655, 658 (4th Cir. 1991)). In considering this Motion, the court is mindful that "'[a] request for attorney's fees should not result in a second major litigation.'" *Barringer v. Colvin*, No. 5:12-CV-3531-DCN, 2014 WL 3867990, at *1 (D.S.C. Aug. 5, 2014) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983)).

III.   Analysis

Having considered the matter in full, the court finds the Commissioner has satisfied her burden of demonstrating her litigation position in this matter was substantially justified. In considering Plaintiff's appeal, the court reviewed the administrative record in light of applicable law and regulations and reversed and remanded the matter to the Commissioner for further administrative action. *See* Order, ECF No. 34 (adopting Report and Recommendation ("R&R"); R&R, ECF No. 28. Specifically, the court found the Commissioner's consideration of listing 3.03 of the Commissioner's listed impairments[3] was insufficient under 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04. *See* Order 4-5, R&R 28-31.[4]

---

[3] To facilitate a uniform and efficient processing of disability claims, regulations promulgated by the Commissioner under the Social Security Act have reduced the statutory definition of disability to a series of five sequential questions. One of these questions concerns whether a claimant meets or equals the criteria of one or more "listed impairments," which are compiled in an extensive list in the Commissioner's regulations. If a claimant meets the specified criteria of a listed impairment for the required amount of time, he or she is considered disabled without the need for assessing whether any jobs exist that the claimant could perform. *See* 20 C.F.R. Part 404, Subpt. P, App. 1; 20 C.F.R. § 404.1520(a)(4)(iii).

[4] Listing 3.03 refers to asthma with:

>  B. Attacks (as defined in 3.00C), in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2 months or at least six times

3

In determining whether a claimant's impairments satisfy the requirements for a relevant listing, the ALJ must identify the relevant listed impairment or impairments, discuss the relevant evidence, and compare that evidence to the requirements in the applicable listings. *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). In briefing her appeal, Plaintiff argued her frequent visits to her primary care physician should be considered in determining whether Plaintiff's pulmonary attacks satisfied the Listing's requirement of episodes requiring "extensive treatment." In the R&R, the court noted Plaintiff's counsel at the time of the ALJ hearing had conceded that it may be a "stretch" to find Plaintiff's visits to her primary care physician could satisfy the Listing's requirements. R&R 28. Nonetheless, the R&R recommended remand in large part because the ALJ did not specifically address the primary-physician visits in the listing analysis, making the undersigned unable to determine whether substantial evidence supported the decision. *Id.* at 29.

---

> a year. Each in-patient hospitalization for longer than 24 hours for control of asthma counts as two attacks, and an evaluation period of at least 12 consecutive months must be used to determine the frequency of attacks.

20 C.F.R. pt. 404, Subpart P, App. 1 § 3.03B. Section 3.00C refers to episodic respiratory disease and states in part:

> Attacks of asthma, episodes of bronchitis or pneumonia or hemoptysis (more than blood-streaked sputum), or respiratory failure as referred to in paragraph B of 3.03, 3.04, and 3.07, are *defined as prolonged symptomatic episodes lasting one or more days and requiring intensive treatment, such as intravenous bronchodilator or antibiotic administration or prolonged inhalational bronchodilator therapy in a hospital, emergency room or equivalent setting.* Hospital admissions are defined as inpatient hospitalizations for longer than 24 hours. The medical evidence must also include information documenting adherence to a prescribed regimen of treatment as well as a description of physical signs. For asthma, the medical evidence should include spirometric results obtained between attacks that document the presence of baseline airflow obstruction.

20 C.F.R. pt. 404, Subpart P, App. 1 § 3.00C (emphasis added).

In defending the ALJ's decision and objecting to the R&R, the Commissioner argued the ALJ's listing analysis was sufficient. The Commissioner pointed to Plaintiff's concession at the ALJ hearing that the physician visits did not satisfy the listing's "attack" definition. ECF No. 16 at 12. The Commissioner also examined evidence referred to by Plaintiff in her brief, arguing Plaintiff had not satisfied the number of attacks the listing required. *Id.* at 12-15.

Relevant to considering the instant Motion, in considering the R&R, the court noted the Commissioner had "posed reasonable challenges to the caliber of [evidence to be considered on remand] and the unlikelihood of success on remand." Order 5. The court noted the R&R's recommendation of remand was an "admittedly overcautious" but "right" "outcome." *Id.* at 4. As the Commissioner points out, to have been "substantially justified," the Commissioner needs to show that a "reasonable person could have found her position correct." The Commissioner points to this language in the Order in arguing her position was substantially justified. Def.'s Mem. 2 (citing *Meyer*, 754 F.3d at 255). Further, the Commissioner argues the ALJ's decision was reasonable, noting the ALJ indicated at the hearing that she had reviewed treatment records and did not believe they supported the listing. Def.'s Mem. 2 (citing Tr. 119). Further, the ALJ referenced the physician visits in the listing analysis, albeit it in insufficient detail based on the court's determination. The Commissioner also argued detailed focus on each physician visit was unnecessary because it was not required that every piece of evidence be discussed in detail in an ALJ's decision. ECF No. 16 at 16-17.

While she spends many pages making her argument for fees, at its essence, Plaintiff's position is that the Commissioner's position was not substantially justified because it was not "reasonable in law and fact," the court agreed with Plaintiff's argument that remand was appropriate, and the Commissioner "essentially conceded" the correctness of Plaintiff's

arguments by never disputing certain facts or cases cited in the appellate briefs. *See* Pl.'s Mem. and Reply. The court disagrees.

Here, although the court ultimately found the ALJ had not sufficiently articulated her reasoning in connection with the listing analysis, the Commissioner's position in support of the ALJ's decision had a "basis both in law and fact that could satisfy a reasonable person." *Hurell v. Barnhart,* 444 F. Supp. 2d 574, 577 (D.S.C. 2006). On the whole, the court finds that the Commissioner has met its burden of showing that its position was substantially justified. *See Hudson,* 991 F.2d at 139 (determination of whether Commissioner's position was substantially justified is not an "issue-by-issue analysis" but an examination of the "totality of the circumstances"); *Hurrell,* 444 F. Supp. 2d at 577 (finding Commissioner's position was substantially justified even though ALJ's reasoning was incomplete and failed to adequately explain his rationale). Here, a "reasonable person" readily could have been satisfied that the ALJ's was correct and that the Commissioner "acted reasonably" in its litigation strategy. *Meyer*, 754 F.3d at 255.

In this matter, the court acknowledged "'there is no hard and fast rule as to the degree of specificity required in an ALJ's findings.'" R&R 29 (quoting *Patterson v. Colvin*, No. 4:12-1021-DCN-TER, 2013 WL 4441986, at *5 (D.S.C. Aug. 15, 2013) (internal citation omitted)). On the one hand, the court noted the magistrate judge had "reasonably concluded" the ALJ's consideration of the doctor's visits was not clear. On the other hand, the court noted the Commissioner had posed "reasonable challenges" concerning the evidence. Order 4-5; *see also id.* at 4 (finding outcome "right" but "overcautious"). Unquestionably, reasonable minds could differ in determining whether the Commissioner's position was correct. The Commissioner has satisfied her burden of demonstrating her position was "substantially justified."

6

IV.     Conclusion

The court finds the Commissioner's position was substantially justified. The court *denies* Plaintiff's Motion for EAJA Attorney's Fees, ECF No. 37.

IT IS SO ORDERED.

February 19, 2016                                                                Kaymani D. West
Florence, South Carolina                                                 United States Magistrate Judge

7